NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COREY BURGESS,

No. 15-16512

               Petitioner-Appellant,

D.C. No. 1:12-cv-00544-AWI

v.

HECTOR ALFONZO RIOS, Warden,

MEMORANDUM*

               Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

    Former federal prisoner Corey Burgess appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition challenging

a prison disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the denial of a section 2241 petition, *see Tablada v. Thomas*, 533

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 800, 805 (9th Cir. 2008), and we affirm.

Because Burgess is serving a term of supervised release that derived from his underlying conviction, we reject appellee's argument that this appeal is moot. *See* 18 U.S.C. § 3583(e)(3), (h); *Tablada*, 533 F.3d at 802 n.1.

Burgess challenges the disciplinary hearing officer's finding that he committed assault and contends that the disciplinary proceedings violated his right to due process. The record reflects that Burgess's disciplinary hearing comported with due process and "some evidence" supports the disciplinary officer's findings. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings). We reject as unfounded Burgess's contentions that the district court unreasonably delayed in rendering judgment, was biased against him, and erred by failing to require that Burgess exhaust administrative remedies.

Appellee's request for judicial notice is granted.

**AFFIRMED.**